## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LINDSAY JENKINS,

      Plaintiff,

v.                           CASE NO.  4:11cv1-RH/WCS

PETER BLANC et al.,

      Defendants.

_____/

### <u>ORDER OF TRANSFER</u>

The plaintiff complains of state-court foreclosure proceedings originating in Palm Beach County.  Palm Beach County is in the Southern District of Florida.  The plaintiff names a number of defendants including the chief justice of the Florida Supreme Court.  That court sits in Tallahassee, in the Northern District of Florida.  The plaintiff filed the case in the Northern District of Florida.

The magistrate judgment entered a report and recommendation, ECF No. 4, that concluded the case should be transferred to the Southern District under 28 U.S.C. § 1404(a).  The plaintiff filed objections, ECF No. 5, a request for an evidentiary hearing, ECF No. 6, and a letter, ECF No. 7.  The letter asserted illegal conduct by the magistrate judge and by me, even though at that time I had taken no

action in the case at all.

The plaintiff asserted in his objections that a court cannot properly transfer a case on its own motion.  The assertion is unfounded under settled law, as the Eleventh Circuit held again just last month.  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that a court may transfer a case under § 1404(a) on its own motion so long as the plaintiff is given notice and an opportunity to be heard).

The plaintiff also asserted that he was given no notice or opportunity to be heard on the propriety of transfer, but that was not true.  He was given the opportunity to be heard by objecting to the report and recommendation, and in fact he took advantage of the opportunity.  I nonetheless entered an order providing the plaintiff yet another opportunity to be heard on the propriety of transfer.  The order also set a deadline for the plaintiff to do so.  He chose to file nothing further.

I have reviewed *de novo* the issues raised by the plaintiff's objections, hearing request, and letter.  Upon consideration,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion.  The case is transferred to the United States District Court for the

Southern District of Florida.  The clerk must take all steps necessary to effect the

transfer.

SO ORDERED on March 17, 2011.

s/Robert L. Hinkle
United States District Judge